(116 App. Div. 144.)

In re BREVILLIER (three cases).  In re GEHRING.  In re FIRESTONE.

(Supreme Court, Appellate Division, First Department.   October 27, 1906.)

ELECTIONS—NOMINATIONS—FILLING VACANCIES.

> Under the provision of the election law, Laws 1896, p. 893, c. 909, that, where there has been an original nomination and the nomination has been declined, the vacancy shall be filled by a committee selected by the nominators, a person's name cannot be placed on the ballot to fill a vacancy as the result of a certificate filed by voters.

> · [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 122.]

Judicial proceedings in the matter of objections to certificates of nomination of candidates to be voted for at the election on November 6, 1906, in the city of New York.  The orders of the Special Term denying applications to set aside the determination of the board of elections affirmed in the matter of the applications of Gustav M. Brevillier, Charles E. Gehring, and Charles Firestone.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herbert R. Limburg, for petitioner.

John T. Dooling, opposed.

PER CURIAM.   There are three appeals from three separate orders of the Special Term affirming pro forma the decision of the board of elections overruling objections.   The conclusions at which we have arrived are:

With respect to the certificate No. 1, which was the original nomination made by the Independence League, and which contains the name of Breen and Rosalsky in the place and stead of Brady and McAvoy, it is the certificate entitled to go under the name and emblem of the Independence League, with the omission of the name of Breen, who has declined in the manner required by the statute.

As to the second petition, which is signed by independent electors, and which contains the entire Democratic ticket, including the names of Brady and McAvoy, being supported by a sufficient number of electors to entitle them to a place on the official ballot, this is entitled to be placed in a separate column under a name and emblem to be selected as directed by the statute.

In regard to the third certificate, which placed in nomination Brady alone for justice of the Supreme Court, under the name and emblem of the Independence League, his name is not entitled to go under such name and emblem, but should be placed in a separate column, with a name and emblem to be likewise selected as provided for by the election law.  Laws 1896, p. 893, c. 909.  The obstacle to placing his name in the column and under the name and emblem of the Independence League is due to the fact that the election law provides that where there has been an original nomination that nomination is complete on the filing of the certificate; and where, as in this case, the nomination has been declined by the filing of a declination as required by law, the procedure to be adopted to fill such vacancy where, as also in this case, the nominators have selected a committee

for that purpose under the law, is by such act of such committee. In the present instance the committee failed and neglected to act, and the time within which they could act has expired. An explanation is furnished, perhaps, by recalling that the law itself provides that the committee having the right to fill such vacancies is prohibited from selecting the name of any person who has been named as a candidate of any other party or independent body. Election Law, Laws 1896, p. 931, c. 909, § 66. It is clear that what could not be done directly cannot be done by indirection; and the effect of placing Mr. Brady's name under the name and emblem of the Independence League, as the result of a certificate filed by independent voters, would be to accomplish that which could not under the law have been accomplished if he had been named by the committee.

There being no provision of law for the filling of a vacancy in the manner attempted here, it follows that the vacancy created by the declination has not been filled, but that Mr. Brady is entitled to have his name placed in a separate column on the official ballot under a name and emblem to be selected according to law.

---

(52 Misc. Rep. 313.)

### In re STREET OPENING IN CITY OF BUFFALO.

(Supreme Court, Special Term, Erie County. December, 1906.)

EMINENT DOMAIN—TAKING LAND BY MUNICIPAL CORPORATION FOR STREET—
APPOINTMENT OF COMMISSIONERS—NOTICE—PUBLICATION.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 496.]